

# FILED

JUN 22 2017 *ᵍⁿ*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

STEWART, JAMES

Plaintiff

V

**1:17-cv-04684**
**Judge Jorge L. Alonso**
**MagistrateJudge Sidney I. Schenkier**

CASE No:

JURY TRIAL DEMAND

CAPITAL ONE (USA) N.A.

CAPITAL ONE SERVICES LLC

BLITT AND GAINES

Defendants

## COMPLAINT

1    This is an action for statutory and actual damages brought by an individual consumer

JAMES STEWART (Plaintiff) against, CAPITAL ONE BANK (USA) N.A (COB),

CAPITAL ONE SERVICES LLC (COS), and BLITT & GAINES PC (B & G) for

violations of the FAIR DEBT COLLECTION PRATICES ACT 15 USC 1692 et seq.

(FDCPA), FAIR CREDIT REPORTING ACT,  (FCRA) 15 U.S.C. 1681et seq.  Consumer

Fraud and Deceptive Business Practices Act 815 ILCS 510 et seq. And the Uniform

Deceptive Trade Practices Act 815 ILCS 510 et seq which is brought under the court's

pendent and supplemental jurisdiction.  Plaintiff brings this action against the above

named Defendants both jointly and severally based on their violations of said Acts.

## JURISDISTION

2      Jurisdiction of this Court arises under 15 U.S.C. Sec 1692k(d), 15 U.S.C. 1681p and 28

U.S.C. Sec's 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. Sec's

2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under

28 U.S.C. Sec. 1367.

## VENUE

3      Plaintiff Venue is proper pursuant to 28 U.S.C. 1391b (2), and 28 U.S.C. 1391b (2)(d).

Venue in this District is proper in that the Plaintiff resides in Cook County Illinois, which

is in the NORTHERN DISTRICT COURT OF ILLINOIS for the EASTERN DIVISION

Venue is proper in this District as Defendant B & G is a Domestic Corporation that

transacts business here and the communications as well as the conduct of Defendant upon

which this complaint is based occurred here. Venue is proper in this District as

Defendant COB is a national bank and is authorized to do business in Illinois and the

conduct complained of occurred in Cook County Illinois. Venue is proper in this District

as Defendant COS is licensed to conduct business in Illinois, and can be served by attorney

B & G.

## PATIRES

4      The Plaintiff, James Stewart is a natural person, and was at all times relevant hereto a

resident and citizen of the State of Illinois. The Plaintiff is a "consumer" as that term is

defined by 15 U.S.C. 1692a (3), The term "consumer" means any natural person obligated

or allegedly obligated to pay any debt. As defined by 15 U.S.C. 1681a(c). The term

"consumer" means an individual. A person as that term is defined under 815 ILCS 505

1(c). The term "person" includes any natural person or his legal representative,

partnership, corporation (domestic and foreign), company, trust, business entity or

association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof.

5    The Defendant B & G. is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. 1692a (6), and as a corporation defined under 815 ILCS 510 1(5), engaged in the business of collecting debts in this State where defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 661 Glenn Avenue, Wheeling, Illinois 60090.

6    The defendant COB is a national bank. This defendant may be served through its attorney B & G at its principal place of business located at 661Glenn Avenue, Wheeling Illinois 60090

7    The Defendant COS is allegedly a servicer for COB. This defendant may be served through its attorney B & G at its principal place of business located at 661 Glenn Avenue, Wheeling Illinois 60090

## FACTUAL ALLEGATIONS

8    Sometime prior to January 2002, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. 1692a(5), namely, a COB credit card in the approximate amount of $4,553.60, which was allegedly used by Plaintiff to make personal purchases of food, clothing and shelter-related items.

9    Sometime thereafter September 14, 2016, the alleged debt was consigned, placed or otherwise transferred by COB to B & G for collection.

10   On or about December 29, 2016 Plaintiff sent a debt validation letter to Defendant B & G requesting they verify the debt with the actual accounting, verification of their claim, and copy of the contract. B & G sent some copies of allege account statements for which Plaintiff could not determine their claim as valid because of omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. (See Exhibit A) Debt validation letter attached hereto and incorporated as if fully stated herein.

11   On or about January 17, 2017 Plaintiff sent another letter to Defendant disputing and asking for validation of the debt pursuant to Fair debt Collection Practices Act. (See Exhibit B) Defendant B and G sent the same incomplete monthly statements.

12   On or about February 21, 2017 Plaintiff sent a debt validation letter to the alleged original creditor COB. (See Exhibit C).  COB never provided verification or validation of the alleged debt or responded in any way to Plaintiff's dispute.

13   Despite the fact that the original creditor had not responded to a valid dispute, on or about March 21, 2017 Defendants COB and B & G filed a civil complaint ( See exhibit D) without verification and validation of the alleged debt in violation of 15 U.S.C. Sec's 1692, et seq and 1692g(b)

14   On June 7, 2017 COS sent a communication stating it is the servicer for COB. (See exhibit E)

15    On June 7, 2017 COS sent a communication that fail to verify and validate the allege debt
      requested in the communication sent March 21, 2017.

16    Despite having disputed this debt in writing to the allege original creditor COB and B & G
      previously, and the original creditor COB, COS, and B & G failing to provide verification
      and validation of the debt, the defendants COB, COS and B & G subsequently filed a civil
      complaint in the name of the alleged original creditor COB on or about March 21, 2017
      seeking payment in the amount of $4,553.60 plus cost.  See Exhibit B attached hereto and
      incorporated as if fully stated herein.

17    Defendants COB, COS, and B & G  have continued to pursue collection activity on the
      alleged debt and have initiated a judicial proceeding wherein they have willfully and
      materially failed to disclose that they are attempting to collect an amount that was disputed to
      their alleged creditor client in violation of the Fair Credit Reporting Act.  In addition
      defendants have also failed to report to any third party credit reporting agency ("CRA") that
      the alleged debt is disputed in violation of  U.S.C.1692e(8). COB, COS and B & G have a
      duty to comply with these restrictions on reporting of disputed amounts to the state court and
      any CRA.

18     Defendants actions, omissions, misrepresentations, violations and inability to produce
      material disclosures and competent evidence of the alleged debt as alleged herein have
      constituted harassment which has resulted in the negligent and intentional infliction of
      mental and emotional distress upon the Plaintiff, causing Plaintiff to suffer severe mental
      distress, mental and physical pain, embarrassment, humiliation which Plaintiff will
      in the future continue to suffer the same.

## SUMMARY

19    The conduct of Defendant COB harassing Plaintiff in an effort to collect the alleged debt,

constitutes violations of numerous and multiple provisions of the FDCPA, including but

not limited to 15 U.S.C. 1692e (2)(A), 8, 1692f(1), and FCRA 15 U.S.C. 1681n et seq.

20    The conduct of defendant COS harassing Plaintiff in an effort to collect the alleged debt

constitutes violations of numerous and  multiple provisions of the FDCPA 15 U.S.C. 1692e

(2)(A),(7),(10),(14) 15 U.S.C. 1692f (1), 15 U.S.C 1692g(a)(1)(2)(3)(4)(5).  Violations of

numerous and  multiple provisions of the FCRA 15 U.S.C. 1681n et seq.

21    The conduct of Defendant B & G harassing Plaintiff  in an effort to collect the alleged

debt constitutes violations of  numerous and multiple provisions of the FDCPA 15 U.S.C.

1692e(2)(A), 8, 9, 10, 13, 14, 1692g(b)(c.) and FCRA 15 U.S.C. 1681n et  seq.  Plaintiff

reserved the right to amend the pleading upon discovery of more admissible evidence.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1- 21 above as if

fully stated herein.

23    Upon information and belief the foregoing acts and omissions of each and every

Defendant constitute numerous and multiple violations of the FDCPA including, but not

limited to, each and every one of the  above-cited provisions of the FDCPA, 15 U.S.C.

1692 et seq.

24      The Defendants attempted to collect a consumer debt allegedly owed by Plaintiff which arise
        out of transactions for personal, family, household, and shelter-related items.

25      Upon information and belief the foregoing acts and omissions were undertaken by the
        Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of
        their routine debt collection business and in gross reckless disregard of the rights of
        the Plaintiff.

26      As the result of the above violations of the FDCPA, the Defendants are liable to the
        Plaintiff for a declaratory judgment that defendants conduct violated the FDCPA and
        Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15
        U.S.C. 1692k (a) (1)(2)

## COUNT 2
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27      Plaintiff repeats, re-alleges and incorporates by reference paragraphs1-26 above as if
        generally and specifically stated herein.

28      Upon information and belief the foregoing acts and omissions of each Defendants
        constitute violations of the Consumer Fair Credit Reporting Act 15 U.S.C 1681s-2 (a)(3)

29      Defendants have a duty to provide notice that the allege debt is disputed.

30      As the result of the above violation of the FCRA the Defendants are liable to the Plaintiff
        for a declaratory judgment that defendants conduct violated the FCRA 15 U.S.C. 1681n et
        seq

## COUNT 3
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILC 505 et seq.

31    Plaintiff repeats, re-alleges and incorporates by reference paragraphs1- 30 above as if generally and specifically stated herein.

32    The Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505 et seq. provides at section 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

33    Debt collection is a service within the scope of "trade and commerce" as that term is defined under 815 ILCS 505 1(f) and at issue in this case, generally this service affects commerce and trade in this state.

34    The conduct described in paragraphs 1-21 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

35    Defendants unfair methods and deceit make them liable to Plaintiff under 815 ILCS 505/2F

## COUNT 4
## VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

36    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 35 above as if generally and specifically stated herein.

37    The conduct described in paragraphs 1 - 36 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Uniform Deceptive Trade Practices Act, 815 ILCS, 510 et seq.

38    Said conduct is generally and specifically within the meaning of the Uniform Deceptive Trade Practices Act, 815 ILCS, 510 et seq. and in the course of business that is prohibited, unfair, and deceptive.

39   The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited

40   The conduct described in paragraphs 1 - 39 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

41   Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

WHEREFORE, Plaintiff respectfully, demand that judgment be entered against each and every defendant by this Court for the following: For the Months of Feb, Mar, Apr, May, and Jun 2017.

42   Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct and granting such additional equitable relief as may be appropriate.

43   Award Plaintiff Actual damages.

44   Award Plaintiff punitive damages.

45   Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.

46   Award Plaintiff reasonable attorney's fees and costs of this litigation.

47   Grant such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Trial by Jury of all issues as a matter of law.  U.S. Const. Amed

7 Fer R Civ. Pro 38

Respectfully submitted this 21 day of June , 2017.

James Stewart
8132 S Harvard
Chicago, Il 60620
312 217 0492
Cnajames1961@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY

TRIAL DEMAND and supporting documents and instruments were served to the clerk of

the UNITED STATES DISTRICT COURT FOR THE NORTHERNDIVISION OF

ILLINOIS and upon each of the parties or, when represented, upon their attorney of record,

by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in

an official depository under the exclusive care and custody of the United States Postal

Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Blitt and Gaines PC
David Olefsky
661 Glenn Avenue
Wheeling, Illinois 60090
847-403-4900
Pleadings2@blittandgaines.com

I further affirm that the foregoing statements made by me are true to the best of my

knowledge and belief and that if any are willfully false, I am subject to penalty.

THE PLAINTIFF STEWART, JAMES HAVING FIRST BEEN DULY SWORN AND UPON

OATH, DEPOSES AND STATES AS FOLLOWS.

1.     I am the Plaintiff in this civil proceeding.

2.     I have read the Complaint and believe that all of the facts contained in it are true, to the
best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this Complaint is well grounded in fact and warranted by existing law or by
a good faith argument for the extension, modification or reversal of existing law.

4.     I believe that this Complaint is not interposed for any improper purpose, such as to harass
any Defendant, cause unnecessary delay to any Defendant or create a needless increase in
the cost of litigation to any Defendant named in the compliant.

5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.     Each and every Exhibit I have provided which has been attached to this Complaint is a
true and correct copy of the original.

Date    STEWART, JAMES

8132 S HARVARD

CHICAGO IL 60620

Subscribed to and sworn to before me

This 21/st day of June 2017

Notary Public

"OFFICIAL SEAL"
MICHAEL J HOESLEY
Notary Public - State of Illinois
My Commission Expires Sept. 16, 2019

12/29/2016

From    james stewart   8132 s Harvard  Chicago il 60620

To      Blitt and Gaines

Subject   re: CAPITAL ONE BANK ( USA), N.A.

        FILE NUMBER 16-52276

        Client number   ***********9480

Dear Blitt and Gaines please send all correspondence to me personally for I have taken over the responsibility of this matter  because I have not been getting any info from the attorney that was taking care of this matter.   Also please send

1 ) verification of the debt – that is the actual accounting,

2) verification of their claim against me that is a signed invoice.

3) a copy of the contract binding both parties (them and me ), in a letter by certified mail so that there is an independent ' witness to it having been delivered."

12/29/17

James Stewart

Ucc1-308

01/17/2017

JAMES STEWART
8132 S HARVARD
CHICAGO ILLINOIS 60620


Blitt and Gaines
661
Glenn Ave
Wheeling Illinois 60090


This is not a refusal to pay, but a notice that your claim is disputed.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,

JAMES STEWART
UCC 1-308

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor or assignee regarding this account?
Yes /no

Has the purported balance of this account been used in any tax deduction claim?

Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____        _____
Authorized signature for Collector        Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# USPS Tracking® Results

**FAQs** > **(http://faq.usps.com/?articleId=220900)**

## Track Another Package +

Remove ✕

**Tracking Number:** 70160910000112437044

▶ ▶ ▶ Delivered

**On Time**
**Updated Delivery Day:** Friday, January 20, 2017 ⓘ

# Product & Tracking Information

**See Available Actions**

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| January 20, 2017, 9:06 am | Delivered, Individual Picked Up at Postal Facility | WHEELING, IL 60090 |

Your item was picked up at a postal facility at 9:06 am on January 20, 2017 in WHEELING, IL 60090.

| | | |
|---|---|---|
| January 20, 2017, 7:55 am | Available for Pickup | WHEELING, IL 60090 |
| January 20, 2017, 7:32 am | Available for Pickup | WHEELING, IL 60090 |

2/17/17

James Stewart
81321 S Harvard
Chicago Il 60620

Dear Capital One

Please provide validation of the debt for the account ending in xxxx xxxx xxxx 9480

I see the debt has been discharged and I have been contacted by debt buyers of the account which is showing that the debt was sold.

So please provide the following information .

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Sincerely,

_James Stewart_   2/17/17

James Stewart

Certified Mail 7016 0910 0001 1243 6238

# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove ✕

**Tracking Number:** 70160910000112436238

▶ ▶ ▶ Delivered

**Updated Delivery Day:** Saturday, February 25, 2017 ⓘ

## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 25, 2017, 9:53 am** | **Delivered** | **SALT LAKE CITY, UT 84130** |

▲

Your item was delivered at 9:53 am on February 25, 2017 in SALT LAKE CITY, UT 84130.

| | | |
|---|---|---|
| February 25, 2017, 6:33 am | Available for Pickup | SALT LAKE CITY, UT 84130 |
| February 25, 2017, 6:27 am | Arrived at Unit | SALT LAKE CITY, UT 84199 |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**FIRST MUNICIPAL DISTRICT**

<u>CAPITAL ONE BANK (USA), N.A.</u>
        **Plaintiff(s)**

    v.

<u>James M Stewart</u>
        **Defendant(s)**

<u>8132 S Harvard Ave Apt 1 Chicago IL 60620</u>

        **Address of Defendant(s)**

**Case No. 17 M1 108884**

**Amount Claimed:** <u>$4,553.60 plus costs</u>

**Appearance Filing/Return date:**   <u>6/13/2017</u>

**Status Date:** _____

**Trial Date:** _____

**Time:** _____ **Room:** <u>1106</u>

Please serve as follows: □ Certified Mail □ Sheriff Service ⊠ Alias (Plaintiff Check one)

### ALIAS SUMMONS

**To each Defendant:**
**YOU ARE SUMMONED and required:**

**1. To file your written appearance by yourself or your attorney and pay the required fee in:**
⊠ **Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602**
□ **District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077**     □ **District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455**
□ **District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153**
on   <u>6/13/2017</u>  , between the hours of 8:30 a.m. and 2:30 p.m;

□ **District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008**     □ **District 6: 16501 S. Kedzie Pkwy., Rm 119, Markham, IL 60428**
on _____, before 9:00 a.m.

**2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsection of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS ATTACHED HERETO.**

**To the Officer:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the date for appearance. If service cannot be made, this summons shall be returned so endorsed.

**This summons may not be served later than 3 days before the date of appearance.**
**THERE WILL BE A FEE TO FILE YOUR APPEARANCE**

Atty. No.: 32887
Name: Blitt and Gaines, P.C.
Atty. for: Plaintiff
Address: 661 Glenn Avenue
City/State/Zip: Wheeling, IL 60090
Telephone: 847-403-4900
Facsimile: 847-499-7599
Email: pleadings2@blittandgaines.com
** Service by Facsimile Transmission will be accepted at:
16-52276
32887

**WITNESS** _____ , _____

_____    MAY 0 5 2017
**DOROTHY BROWN, Circuit Court Clerk**

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)
_____
(Area Code)    (Facsimile Telephone Number

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CAPITAL ONE BANK (USA), N.A.
Plaintiff

vs.

James M Stewart

Defendant(s)

No. **17M1 108884**

Return Date: APR 20 2017

Amount Claimed: $4,553.60
Plus court costs

### COMPLAINT

Plaintiff, CAPITAL ONE BANK (USA), N.A. , by its attorneys, Blitt and Gaines PC, as and for its complaint herein against Defendant(s), hereby alleges as follows:

1. The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its predecessor in interest, which was opened on September 22, 2001.

2. Periodic statements were sent to Defendant(s) by regular or electronic mail which set forth in detail, all debits and credits, the total balance due, the interest rate and the minimum payment.

3. Defendant(s) eventually failed to make the minimum payment(s).

4. Attached hereto and incorporated herein as Exhibit "A" is a copy of the last periodic statement provided to Defendant prior to charge-off.

5. Defendant(s) did not object to the statement, indicate that the statement contains an error, nor indicate that it was erroneous in any respect within a reasonable period of time.

6. After receiving all payments, debits, credits and set offs, there is now due and owing from Defendant(s) to Plaintiff the sum of $4,553.60.

7. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant(s) for Account Stated in the sum of $4,553.60, plus court costs.

8. Despite due demand, Defendant(s) have failed and/or refused to pay the amount due and owing as indicated on the final statement.

WHEREFORE, the Plaintiff, requests judgment against Defendant(s) for Account Stated in the sum of $4,553.60, plus court costs and no attorney's fees; and for such other and further relief as this Court deems just and proper.

Blitt and Gaines PC
Attorneys for the Plaintiff
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900
pleadings2@blittandgaines.com
16-52276

**David Olefsky**
**ARDC # 6291862**

**This is an attempt to collect a debt and any information will be used for that purpose.**

**CAPITAL ONE BANK (USA), N.A.,**
    *Plaintiff,*

v.

**JAMES M STEWART**
    *Defendant(s).*

<u>**AFFIDAVIT**</u>

    PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Lola Buafo, who states under oath as follows:

    1.    I am over 18 years old and competent to testify to the matters set forth herein. I am an employee of Capital One Services, LLC, ("COSLLC"), an agent and affiliate of Plaintiff **CAPITAL ONE BANK (USA), N.A.** ("Capital One"). COSLLC provides services to Capital One in connection with its credit card and related banking practices and my job responsibilities as Litigation Support Representative provide me with access to all relevant systems and documents of Capital One needed to validate the below information. I am authorized by Capital One to testify to the matters set forth herein. As a result of the scope of my job responsibilities, I have personal knowledge of the manner and method by which Capital One creates and maintains certain business books and records, including computer records of customer accounts.

    2.    The Capital One books and records are made in the course of Capital One's regularly conducted business activity and it is a regular practice of Capital One to make these books and records. Each of the Capital One books and records reviewed are made: (1) at or near the time the events they purport to describe occurred, by a person with knowledge of the acts and events; or, (2) by a computer or other similar digital means, which contemporaneously records an event as it occurs.

    3.    Capital One is the original creditor on this account. According to the books and records of Capital One, a Capital One account was opened in Defendant's(s') name for the purpose of obtaining an extension of credit. Subsequently, this account was used to acquire goods, services or cash advances



N00000044381214

1

in accordance with the Customer Agreement governing use of that account. Defendant(s) have failed to make the required periodic payments on the account.

4.     The books and records of Capital One show that Defendant(s) is/are currently indebted to Capital One on account number XXXXXXXXXXXXXXXXX for the just and true sum of **$4553.60** as of **09/01/2016**, and that all offsets, payments, and credits have been allowed. This balance is comprised of Defendant's(s') outstanding debt on the date the account charged off (including any pre-charge-off transactions, interest, and/or fees) less any offsets, payments, or credits applied to the account after the charge-off date.

5.     Nothing in the books and records of Capital One indicate or show that the Defendant(s) is/are a minor/minors, is/are mentally incompetent or is/are otherwise incapacitated.

6.     I declare under the penalty of perjury that the foregoing is true and correct and if called as a witness I would competently testify, under oath, thereto.

Given under my hand on:

Dated: _____9-14-16_____          _Lola Buafo_ (signature)
                                                      Lola Buafo


County of Chesterfield, to wit:
Commonwealth of Virginia

        SUBSCRIBED and sworn to before me, the undersigned Notary Public in and for the jurisdiction aforesaid, by Lola Buafo, who is personally known to me and who acknowledged before me his/her signature to the foregoing Affidavit.

        GIVEN under my hand and seal this _14_ day of ___Sept___, 20_16_

                                                      _Shirlene A. Byrd_ (signature)
                                                      Notary Public

N00000044381214
973926785
A247
BLITT AND GAINES, P.C.

SHIRLENE A. BYRD
NOTARY
PUBLIC
REG # 7520055
MY COMMISSION
EXPIRES
05/31/2020
COMMONWEALTH OF VIRGINIA



| | Page 1 of 3 | |
| --- | --- | --- |
| Customer Service 1-800-258-9319 | | Mar. 24 - Apr. 23, 2016    31 Days in Billing Cycle |
| www.capitalone.com | | |

**Platinum MasterCard**                                    Account ending in 9480

| NEW BALANCE | PAYMENT DUE | DUE DATE |
| --- | --- | --- |
| $4,553.60 | $4,553.60 | PAST DUE |

Available Credit: $0.00

| Previous Balance | | Payments and Credits | | Fees and Interest Charged | | Transactions | | New Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $4,466.24 | − | $0.00 | + | $87.36 | + | $0.00 | = | $4,553.60 |

New York residents may contact the New York State Department of Financial Services to obtain a comparative listing of credit card rates, fees, and grace periods. Contact the New York State Department of Financial Services: 1-877-226-5697 or www.dfs.ny.gov.

**TRANSACTIONS**

PAYMENTS, CREDITS & ADJUSTMENTS FOR JAMES M STEWART #9480

TRANSACTIONS FOR JAMES M STEWART #9480

**FEES**

| | Total Fees This Period | $0.00 |
| --- | --- | --- |

INTEREST CHARGED

| INTEREST CHARGE:PURCHASES | $25.12 |
| --- | --- |
| INTEREST CHARGE:CASH ADVANCES | $62.24 |
| Total Interest This Period | $87.36 |

Transactions continue on page 2



300035

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
| --- | --- | --- | --- |
| Purchases | 18.55% P | $1,594.49 | $25.12 |
| Cash Advances | 25.15% D | $2,913.87 | $62.24 |

P,L,D,F = Variable Rate. See reverse of page 1 for details

PLEASE RETURN PORTION BELOW WITH PAYMENT OR LOG ON TO WWW.CAPITALONE.COM TO MAKE YOUR PAYMENT ONLINE.



**Account ending in 9480**

| Due Date | New Balance | Amount Enclosed |
| --- | --- | --- |
| Past Due | $4,553.60 | |

JAMES M STEWART
C/O LAW OFFICES OF ROBERT
2081 E 8TH ST
BROOKLYN, NY 11223-4124



400012

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

**How Can I Avoid Paying Interest Charges?** If you pay your statement's New Balance in full by the due date, we will not charge you interest on any new transactions that post to the purchase segment. If you have been paying your account in full with no interest Charges, but then you do not pay your next New Balance in full, we will charge interest on the portion of the balance that you did not pay. For Cash Advances and Special Transfers, we will start charging interest on the transaction date. Certain promotional offers may allow you to pay less than the total New Balance and avoid paying interest Charges on new purchases. Please refer to the front of your statement for additional information.

**How is the Interest Charge applied?** Interest Charges accrue from the date of the transaction or the first day of the Billing Cycle. Interest Charges accrue on every unpaid amount until it is paid in full. This means you may owe Interest Charges even if you pay the entire New Balance for one Billing Cycle, but did not do so the previous Billing Cycle. Unpaid Interest Charges are added to the corresponding segment of your account.

**Do you assess a Minimum Interest Charge?** We may assess a minimum Interest Charge of $0.50 for each Billing Cycle if your account is subject to an Interest Charge.

**How do you Calculate the Interest Charge?** We use a method called Average Daily Balance (including new transactions).

1. First, for each segment we take the beginning balance each day and add in new transactions and the periodic Interest Charge on the previous day's balance. Then we subtract any payments and credits for that segment as of that day. The result is the daily balance for each segment. However, if you paid your previous month's balance in full (or your previous statement balance was zero or a credit amount), new transactions which post to your purchase segment are not added to the daily balance.

2. Next, for each segment, we add the daily balances together and divide the sum by the number of days in the Billing Cycle. The result is the Average Daily Balance for each segment.

3. At the end of each Billing Cycle, we multiply your Average Daily Balance for each segment by the daily periodic rate (APR divided by 365) for that segment, and then we multiply the result by the number of days in the Billing Cycle. We add the Interest Charges for all segments together. The result is your total Interest Charge for the Billing Cycle.

NOTE: Due to rounding or a minimum Interest Charge, this calculation may vary slightly from the Interest Charge actually assessed.

**How can I find your Variable APR change?** Your APR may increase or decrease based on one of the following reported indices (reported in *The Wall Street Journal*). To find which index is used for your account, look for a letter code on the front of this statement next to your APR(s). Then check the table below:

| Code next to your APR(s) | How do we calculate your APR(s)? Index + margin (previously disclosed to you) | When your APR(s) will change |
|---|---|---|
| P | Prime Rate + margin | The first day of the Billing Cycles that end in Jan., April, July, and Oct. |
| L | 3 month LIBOR + margin | |
| D | Prime Rate + margin | The first day of each Billing Cycle. |
| F | 1 month LIBOR + margin | |

**How can I Avoid Membership Fees?** If a Renewal Notice is printed on the front of this statement, you may avoid paying an annual membership Fee by contacting Customer Service no later than 45 days after the last day in the Billing Cycle covered by this statement to request that we close your account. To avoid paying a monthly membership Fee, close your account and we will stop assessing your monthly membership Fee.

**How can I Close My Account?** You can contact Customer Service anytime to request that we close your account.

**How do I Make Payments?** You may make your payment in several ways:
1. Online and logging into your account;
2. Capital One Mobile Banking app for approved electronic devices;
3. Telephone Voice Response System by dialing the telephone number listed on the front of this statement and following the voice prompts;
4. Calling the telephone number listed on the front of this statement and providing your information to our representative;
5. Sending mail payments to the address on the front of this statement with the payment coupon or your account information.

**How do you Process Payments?** When you make a payment, you authorize us to initiate an ACH or electronic payment that will be debited from your bank account or other related account. When you provide a check or check information to make a payment, you authorize us to use information from the check to make a one-time ACH or other electronic transfer from your bank account. We may also process it as a check transaction. Funds may be withdrawn from your bank account as soon as the same day we process your payment.

**When will you Credit My Payment?**
- For mobile, online or over the phone, as of the business day we receive it, as long as it is made by 8 p.m. ET.
- For mailed payments, as of the business day we receive it, as long as you send the bottom portion of this statement and your check to the payment address on the front of this statement. Please allow at least (7) business days for mail delivery. Mailed payments received by us at any other location or payments in any other form may not be credited as of the day we receive them.

**How do you Apply My Payment?** We generally apply payments up to your Minimum Payment first to the balance with the lowest APR (including 0% APR), and then to balances with higher APRs. We apply any part of your payment exceeding your Minimum Payment to the balance with the highest APR, and then to balances with lower APRs.

**Billing Rights Summary** *(Does not Apply to Small Business Accounts)*
**What To Do If You Think You Find A Mistake On Your Statement:** If you think there is an error on your statement, write to us at:
Capital One P.O. Box 30285 Salt Lake City, UT 84130-0285

In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake. You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us or notify us electronically, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. We will notify you in writing within 30 days of our receipt of your letter. While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.

- While you do not have to pay the amount in question until we send you a notice about the outcome of our investigation, you are responsible for the remainder of your balance.

- We can apply any unpaid amount against your credit limit. Within 90 days of our receipt of your letter, we will send you a written notice explaining either that we corrected the error (to appear on your next statement) or the reasons we believe the bill is correct.

**Your Rights If You Are Dissatisfied With Your Purchase:** If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, the following must be true:

1) You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify; and
2) You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at:
Capital One P.O. Box 30285 Salt Lake City, UT 84130-0285

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

© 2015 Capital One. Capital One is a federally registered service mark.

ETC-08
08/29/15



297

June 7, 2017

James M Stewart
8132 S HARVARD AVE APT 1
CHICAGO IL 60620

Re: xxxxxxxxxxxxx9480
Case #: 10002881457665

Dear James M Stewart,

Thank you for contacting us about your Capital One account.

Please call 1-800-258-9319 for help with your request. Please note, some accounts are serviced by third party agencies. If this is the case with your account, your call will be routed automatically, and the third-party agent can assist you.

Sincerely,

Capital One Services, LLC

018739 / QA 18404/DOM

JB5559- 6826 - 002

© 2017 Capital One. Capital One is a federally registered service mark. All rights reserved.



## NOTICE: PLEASE READ THE FOLLOWING FOR IMPORTANT INFORMATION.

**1. Who We Are.** Capital One® Services, LLC is the servicer of your referenced account unless this communication or a separate communication has informed you of another current servicer. We are a subsidiary of Capital One, National Association, and service the following Capital One affiliated companies:

- Capital One Bank® (USA), National Association
- Capital One, National Association

The name of your creditor has been previously disclosed to you and is identified for purposes of this communication by your account number.

**2. State and Local Disclosures.** If you receive this communication in Connecticut, the District of Columbia, Hawaii, Iowa, New York City, North Carolina, or Oregon and your account involves a debt owed primarily for personal, family, household, or other consumer purpose(s), or if you receive this communication in Vermont irrespective of the nature of the debt associated with your account, the following disclosure is required by state or local law:
**This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose.**

The following disclosure is required by state law if your account involves a debt owed primarily for personal, family, household, or other consumer purpose(s) and you receive this communication in Hawaii, Iowa, or Oregon.
**This communication is from a debt collector.**

The following disclosure is required by state law if your account involves a debt owed primarily for personal, family, household, or other consumer purpose(s) and you receive this communication in Massachusetts:

**NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.**

This is not a complete list of the rights that you might have. The terms above in this Section are defined by applicable state or local law. Pursuant 15 USC 1692a(6)(B) and (F) of the Fair Debt Collection Practices Act, Capital One Services, LLC is not a debt collector under federal law.

**3. Bankruptcy.** If you are entitled to bankruptcy protections for your account, this communication is only for informational purposes. It is not an attempt to collect, assess, or recover a debt or claim. Do not send any payments directly to us without speaking with your attorney or Bankruptcy Trustee.

**4. Electronic Check Conversion.** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your deposit account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your deposit account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. Your authorization is not limited by the date on the check.

**5. Interest and Charges Continue to Accrue.** All stated amounts are owed on the date of this communication. If applicable, your account may be charged interest, late charges, and other charges that might change from day to day as provided in your agreement. As a result, the amount due on the day you pay us may be larger than the amount stated in this communication. For example, if you pay the amount stated in this communication, your account might still have a balance after we receive your payment. If your account has already charged off, you will not incur any additional interest or fees.

**6. Time Period for Payment or Other Action.** Unless we provide a specific date, any time period for your payment or other action begins on the date of this communication.

**7. IRS Reporting of Debt Forgiveness.** If we cancel or forgive $600 or more of principal on a debt you owe, we will provide you a 1099-C tax form if required by law. Please consult your tax advisor and the instructions accompanying any tax forms for more information.

**8. Credit Reporting of Your Settled Account.** If we report your settled account to a consumer reporting agency (credit bureau), we will report it as paid in full for less than the full balance.

| Contact Information | |
| --- | --- |
| **Credit Cards—Collections** | **Credit Cards—Charged Off** |
| **1-800-955-6600**<br>Mon–Fri: 8 a.m.–11 p.m. ET & Sat–Sun: 8 a.m.–5 p.m. ET | **1-800-258-9319**<br>Mon–Fri: 8 a.m.–9 p.m. ET |

018740 / QA· 18404/DOM

JB5559- 6826 - 002          © 2017 Capital One. Capital One is a federally registered service mark. All rights reserved.

REPORT / ACCOUNTS / ACCOUNT DETAILS

PRINT    DISPUTE GUIDE

## CAPITAL ONE BANK USA N

| | |
|---|---|
| Account Number | 529115XXXXXX |
| Account Type | Credit Card |
| Terms | Revolving |
| Date Opened | 09/01/2001 |
| Account Status | Closed |
| Payment Status | Late |
| Payment Status Details | Charge-off |
| Status Updated | 04/01/2016 |
| Balance | $4,553.00 |
| Balance Updated | - |
| Credit Limit | $3,900.00 |
| Past Due Amount | $4,553.00 |
| High Balance | - |
| Monthly Payment | - |
| Balloon Payment | - |
| Contact Phone | (800) 955-7070 |
| Contact Address | 15000 CAPITAL ONE DR, RICHMOND, VA 23238 |
| Ownership | Individual |
| Original Creditor | - |
| Company Sold-to | - |
| Original Amount | - |
| Comments | - |

**Payment History**

REPORT / ACCOUNTS / ACCOUNT DETAILS

PRINT    DISPUTE GUIDE

## CAPITAL ONE BANK USA N

| | |
|---|---|
| Account Number | 529115XXXXXX |
| Account Type | Credit Card |
| Terms | Revolving |
| Date Opened | 09/01/2001 |
| Account Status | Closed |
| Payment Status | Late |
| Payment Status Details | Charge-off |
| Status Updated | 05/01/2016 |
| Balance | $4,553.00 |
| Balance Updated | - |
| Credit Limit | $3,900.00 |
| Past Due Amount | $4,553.00 |
| High Balance | - |
| Monthly Payment | - |
| Balloon Payment | - |
| Contact Phone | (800) 955-7070 |
| Contact Address | 15000 CAPITAL ONE DR, RICHMOND, VA 23238 |
| Ownership | Individual |
| Original Creditor | - |
| Company Sold-to | - |
| Original Amount | - |
| Comments | - |

**Payment History**

REPORT  /  ACCOUNTS  /  ACCOUNT DETAILS

PRINT    DISPUTE GUIDE

## CAPITALONE

| | |
|---|---|
| Account Number | 529115XXXXXX |
| Account Type | Credit Card |
| Terms | Revolving |
| Date Opened | 09/01/2001 |
| Account Status | Closed |
| Payment Status | Late |
| Payment Status Details | Charge-off |
| Status Updated | 05/01/2016 |
| Balance | $4,553.00 |
| Balance Updated | - |
| Credit Limit | $3,900.00 |
| Past Due Amount | $4,553.00 |
| High Balance | - |
| Monthly Payment | - |
| Balloon Payment | - |
| Contact Phone | (800) 955-7070 |
| Contact Address | 15000 CAPITAL ONE DR, RICHMOND, VA 23238 |
| Ownership | Individual |
| Original Creditor | - |
| Company Sold-to | - |
| Original Amount | - |
| Comments | - |

**Payment History**

REPORT  /  ACCOUNTS  /  ACCOUNT DETAILS

PRINT    DISPUTE GUIDE

## CAPITALONE

| | |
|---|---|
| Account Number | 529115XXXXXX |
| Account Type | Credit Card |
| Terms | Revolving |
| Date Opened | 09/01/2001 |
| Account Status | Closed |
| Payment Status | Late |
| Payment Status Details | Charge-off |
| Status Updated | 05/01/2016 |
| Balance | $4,553.00 |
| Balance Updated | - |
| Credit Limit | $3,900.00 |
| Past Due Amount | $4,553.00 |
| High Balance | - |
| Monthly Payment | - |
| Balloon Payment | - |
| Contact Phone | (800) 955-7070 |
| Contact Address | 15000 CAPITAL ONE DR, RICHMOND, VA 23238 |
| Ownership | Individual |
| Original Creditor | - |
| Company Sold-to | - |
| Original Amount | - |
| Comments | - |

**Payment History**

REPORT / ACCOUNTS / ACCOUNT DETAILS

PRINT    DISPUTE GUIDE

## 📇 CAPITALONE

| | |
|---|---|
| Account Number | **529115XXXXXX** |
| Account Type | Credit Card |
| Terms | Revolving |
| Date Opened | 09/01/2001 |
| Account Status | Closed |
| Payment Status | Late |
| Payment Status Details | Charge-off |
| Status Updated | 05/01/2016 |
| Balance | $4,553.00 |
| Balance Updated | - |
| Credit Limit | $3,900.00 |
| Past Due Amount | $4,553.00 |
| High Balance | - |
| Monthly Payment | - |
| Balloon Payment | - |
| Contact Phone | (800) 955-7070 |
| Contact Address | 15000 CAPITAL ONE DR, RICHMOND, VA 23238 |
| Ownership | Individual |
| Original Creditor | - |
| Company Sold-to | - |
| Original Amount | - |
| Comments | - |

**Payment History**